# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IVONNE GONZALEZ,

      Plaintiff,

v.                                                      Case No: 8:16-cv-3359-T-30TGW

HONEYWELL INTERNATIONAL,
INC.,

      Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand to State Court (Dkt. 3) and Defendant's Response in Opposition (Dkt. 9). Upon review and consideration, the Court denies Plaintiff's motion.

## BACKGROUND

On November 7, 2016, Plaintiff Ivonne Gonzalez filed a complaint (Dkt. 2) against Defendant Honeywell International, Inc., her former employer, in state court. She alleged that Defendant violated the Florida Civil Rights Act ("FCRA") by discriminating against her on the basis of her disability, denying her a reasonable accommodation for her disability, and retaliating against her by terminating her employment. She requested relief including (1) compensation for lost wages, benefits, and pension rights, (2) reinstatement or front pay, (3) compensatory damages, including for emotional distress, (4) punitive damages, and (5) attorney's fees.

On December 7, 2016, Defendant filed a notice of removal (Dkt. 1) based on diversity jurisdiction. Defendant alleged that the parties are diverse and the amount in controversy exceeds $75,000.

On December 8, 2016, Plaintiff filed a motion to remand to state court (Dkt. 3). Plaintiff does not dispute that the parties are diverse. She argues that Defendant has not established that the amount in controversy exceeds $75,000.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 179, 189 (1936) (holding that the party who seeks federal jurisdiction must establish jurisdictional facts). The defendant must prove these jurisdictional facts by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted). Thus, the defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Id.* It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount, then the court should look to the notice of removal and other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th

Cir. 2001). When a defendant seeks to remove the case to federal court within the first thirty days of service, it is not limited in the types of evidence it can use to establish the amount in controversy. *Pretka*, 608 F.3d at 767. The Defendant can provide an affidavit, declaration, or other documentation, *id*. at 755; it can also satisfy its burden by submitting evidence of damages from comparable cases, *Schmidt v. Pantry, Inc.*, No. 1:11-CV-228-SPM-GRJ, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Furthermore, district courts are permitted to make "reasonable deductions, . . . inferences, [and] . . . extrapolations" and need not "suspend reality or shelve common sense" in determining whether a party has established the jurisdictional amount. *Roe*, 613 F.3d at 1061-62 (citation and internal quotation marks omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case . . . meets federal jurisdictional requirements." *Id*. at 1062.

In the complaint (Dkt. 2), Plaintiff simply alleged that her damages exceed $15,000. However, as discussed in Defendant's notice of removal (Dkt. 1) and response to Plaintiff's motion to remand (Dkt. 9), the back pay, front pay, compensatory damages, punitive damages, and attorney's fees claimed by Plaintiff more likely than not exceed $75,000.

i.     *Back Pay*

Defendant alleges that Plaintiff's potential back pay alone amounts to $72,972. In support of this contention, Defendant submitted a declaration by a regional director of its human resources department (Dkt. 1-3) and Plaintiff's W-2s from 2014 and 2015 (Dkt. 1-4), which establish that Plaintiff's annualized salary at the time of her termination was approximately $36,486. Defendant calculates the $72,972 based on the fact that Plaintiff was terminated approximately one year before the case was removed, Plaintiff has not

obtained a new job that would mitigate her damages, and the trial in this matter is likely to take place one year from the date of removal.[1] Plaintiff did not dispute these allegations, other than to argue that the back pay accumulated by the time of removal is only about $36,000 and estimating any additional damages is speculative.

Under the FCRA, a prevailing plaintiff is presumptively entitled to back pay. *See, e.g.*, *Brown v. Cunningham Lindsey U.S., Inc.*, No. 305-CV-141-J32-HTS, 2005 WL 1126670, at *3 (M.D. Fla. May 11, 2005). Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial. *E.g.*, *Wineberger v. Racetrac Petroleum*, No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); *Hallmeyer v. Gateway Clippers LLC*, No. 8:12-CV-2876-T-30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013); *Sheehan v. Westcare Found., Inc.*, No. 8:12-CV-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013). Combining evidence (i.e., the rate of Plaintiff's salary) with reasonable extrapolations (i.e., calculating the amount of back pay by estimating a reasonable trial date) is not improper speculation. *See Pretka*, 608 F.3d at 754. As noted in *Pretka*, "[t]he amount of controversy is . . . an estimate of the amount that will be put at issue *in the course of the litigation*." *Id*. at 751 (emphasis added) (internal citation and quotation marks omitted). Therefore, the Court accepts Defendant's calculation that the amount of back pay at issue is $72,972.

---

[1] Defendant's estimate of one year until the trial date is reasonable. This case has been designated as a Track Two case (Dkt. 4). Therefore, pursuant to Local Rule 3.05(c)(2)(E), the Court should hold a trial in this case within one to two years.

## ii.    Front Pay

Defendant alleges that Plaintiff's potential front pay adds at least another $36,486 to the amount in controversy. It cites to prior case law in which the plaintiff recovered a year of front pay after prevailing on an employment discrimination claim under the FCRA.

Under the FCRA, a prevailing plaintiff is presumptively entitled to reinstatement or front pay. *See, e.g.*, *Brown*, 2005 WL 1126670, at *5. Courts in this Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case. *See, e.g.*, *Wineberger*, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2, *4 (S.D. Fla. Apr. 17, 2012); *Brown*, 2005 WL 1126670, at *5. Accordingly, the Court accepts Defendant's calculation that the value of the front pay placed in controversy is $36,486.[2]

## iii.    Compensatory Damages, Punitive Damages, and Attorney's Fees

Defendant has proven that the amount in controversy likely exceeds $75,000 based on consideration of just the back pay and front pay at issue. However, Plaintiff also

---

[2] Although Plaintiff requested front pay *or* reinstatement, this does not discredit Defendant's amount in controversy calculation. Reinstatement is a form of equitable relief. For purposes of calculating the amount in controversy, the value of this relief is the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (internal citation and quotation marks omitted). Because the monetary value of reinstatement would likely equal or exceed that of a year's worth of front pay, valuing this relief at $36,486 is conservative.

requested (1) compensatory damages, including for emotional distress, (2) punitive damages, and (3) attorney's fees.

Defendant alleges that Plaintiff's potential compensatory damages, punitive damages, and attorney's fees add thousands more dollars to the amount in controversy. First, Defendant cites to prior cases in which plaintiffs who alleged emotional distress recovered $75,000 to $150,000 in compensatory damages after prevailing on their FCRA claims. Second, Defendant argues that Plaintiff could be awarded up to $100,000 in punitive damages under the FCRA, and Plaintiff has not indicated that she is seeking anything less than the maximum amount of damages. Third, Defendant estimates that Plaintiff's attorney's fees through the time of trial will amount to at least $62,500, assuming 250 hours of work at an hourly rate of $250 per hour. Defendant cites to cases in this Circuit in which courts have awarded prevailing plaintiffs' attorneys with fees for 450 to 1050 hours spent litigating employment discrimination cases through trial, as well as cases in which the courts found attorneys' hourly rates of $200 to $350 to be reasonable.

Under the FCRA, a prevailing plaintiff can obtain compensatory damages, punitive damages, and attorney's fees. *See* Fla. Stat. § 760.11(5). The Court must consider each of these in calculating the amount in controversy. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). The Court need not pinpoint the exact dollar figure of each

of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy.

Construing Plaintiff's damages as a whole and applying its "judicial experience and common sense," the Court concludes that Defendant has established that Plaintiff's damages more likely than not exceed $75,000.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion to Remand (Dkt. 3) is DENIED.

2.    The request made by Defendant in its Response (Dkt. 9) for an award of fees and costs is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, on January 17th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record